STATE of South Dakota, Plaintiff
and Appellant,

v.

Fred GREGER, Defendant and Appellee.

No. 18510.

Supreme Court of South Dakota.

Submitted on Briefs May 26, 1994.

Decided Sept. 7, 1994.

Mark Barnett, Atty. Gen., Sherri Sundem Wald, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

Thomas E. Alberts, Avon, for defendant and appellee.

PER CURIAM.

South Dakota law provides that criminal defendants must be brought to trial within one hundred eighty days from the date of their first appearance before a judicial officer on an indictment, information or complaint. SDCL 23A–44–5.1 [1]. In this decision, we

---

1. SDCL 23A–44–5.1 provides in pertinent part:

   (1) Every person indicted, informed or complained against for any offense shall be brought to trial within one hundred eighty days, and such time shall be computed as provided in this section.

   (2) Such one hundred eighty day period shall commence to run from the date the defendant has first appeared before a judicial officer on an indictment, information or complaint.
   *    *    *    *    *    *
   (5) If a defendant is not brought to trial before the running of the time for trial, as extended by

hold that the trial court erred in determining that magistrate courts have no jurisdiction to enter orders tolling the one hundred eighty day period. Accordingly, we reverse and remand.

## FACTS

On February 2, 1993, Fred Greger (Greger) made his first appearance before a law trained magistrate[2] on a complaint charging him with one count of aggravated assault. His preliminary hearing was scheduled for March 9. On the day of the preliminary hearing, state moved for a continuance and tolling of the one hundred eighty day period due to the failure of its complaining witness to appear in response to its subpoena for the hearing. State's motion was granted by the law trained magistrate and the preliminary hearing was rescheduled for April 20. However, on that date, the magistrate again postponed the hearing and entered an order tolling the one hundred eighty day period[3] due to his own illness.

Greger's preliminary hearing was finally held on April 27. After the hearing, the law trained magistrate bound Greger over to circuit court for trial. Greger was later arraigned in circuit court and, on June 26, he filed a request for the designated trial judge to recuse himself. A substitute judge was appointed to Greger's case and Greger's jury trial was scheduled for September 15 and 16. On September 9 (219 days after Greger's first appearance), state moved for an extension of the one hundred eighty day period due to the delay caused by Greger's request for a change of judge. Greger responded with his own motion to dismiss for violation of the one hundred eighty day rule. Greger's motion specifically objected to the law trained magistrate's two orders *continuing* the date of his preliminary hearing.

A hearing was held on state's motion to extend the one hundred eighty day period. After the hearing, the trial court entered findings of fact, conclusions of law and an order granting Greger's motion to dismiss for violation of the one hundred eighty day rule. In reaching its decision, the trial court found that state failed to establish good cause for any extension of the one hundred eighty day period and further found that, "the Law Trained Magistrate did not have jurisdiction to extend the provisions of SDCL 23A–44–5.1 and an extension thereof must be handled by the trial Court." State appeals.

## ISSUE

DID THE MAGISTRATE COURT HAVE AUTHORITY TO ENTER ITS TWO ORDERS TOLLING THE ONE HUNDRED EIGHTY DAY PERIOD DURING THE PENDENCY OF GREGER'S PRELIMINARY HEARING?

The so called "one hundred eighty day rule," was extensively revised by this court in 1991 to provide detailed guidance on the calculation of the one hundred eighty day period. Part of that revision defined those periods of time that are to be excluded in counting the one hundred eighty days. In that regard, SDCL 23A–44–5.1(4)(c) & (f) provide:

(4) The following periods shall be excluded in computing the time for trial:

\* \* \* \* \* \*

(c) The period of delay resulting from a continuance granted by *the court* at the request of the prosecuting attorney if the continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date and provided a written order is filed;

\* \* \* \* \* \*

excluded periods, the defendant shall be entitled to a dismissal with prejudice of the offense charged and any other offense required by law to be joined with the offense charged.

**2.** We note that during the 1994 legislative session, the title "law trained magistrate," was replaced with the title, "magistrate judge." SDCL 16–12A–1. Nevertheless, the magistrate must still be licensed to practice law in the state of South Dakota. *See, id.*

**3.** Both of the law trained magistrate's orders continuing the date for the preliminary hearing expressly found "good cause" for the continuances.

(f) Other periods of delay not specifically enumerated herein, but only if *the court* finds that they are for good cause. A motion for good cause need not be made within the one hundred eighty day period. (emphasis added).

These provisions clearly give "the court" authority to enter orders tolling the one hundred eighty day period according to the enumerated conditions. Therefore, to determine whether a law trained magistrate has authority to toll the one hundred eighty day period during the pendency of a preliminary hearing, we must resolve who "the court" is at the preliminary hearing stage.

SDCL 23A–4–6 provides in pertinent part: If from the evidence it appears that there is probable cause to believe that an offense has been committed and that the defendant committed it, *the committing magistrate* shall forthwith hold him to answer in the trial court of the county having jurisdiction of the offense. (emphasis added).

This statute makes clear that it is a "committing magistrate" who conducts a preliminary hearing and makes the determination of whether there is probable cause to bind a defendant over for trial. A "committing magistrate" is any of the following persons:

(a) a justice of the Supreme Court;

(b) a judge of the circuit court;

(c) *a law-trained magistrate;*

(d) a non-law trained magistrate when acting within the authority conferred by § 16–12A–13 or § 16–12A–14[.]

SDCL 23A–45–9(3) (emphasis added). SDCL 16–12A–21 also provides that, "[a] magistrate court with a law trained magistrate presiding shall have concurrent jurisdiction with the circuit courts to act as a committing magistrate *for all purposes.*" (emphasis added).

Under the above provisions, a law trained magistrate acts as a committing magistrate in conducting a preliminary hearing and is "the court" at that stage of the proceedings. As "the court," the law trained magistrate holds the authority to enter orders tolling the one hundred eighty day period according to the provisions of SDCL 23A–44–5.1. A contrary conclusion makes no sense. If only a trial court can toll the one hundred eighty day period, it cannot be ignored that there is no "trial court" in a criminal case prosecuted on an information until the defendant is bound over for trial after a preliminary hearing. SDCL 23A–4–6. Tolling the one hundred eighty day period before the preliminary hearing would, as a result, become impossible. No tolling could be allowed even under circumstances such as in this case that are beyond any party's control. Although SDCL 23A–44–5.1(4)(f) does allow a tolling motion or motion for good cause delay to be made outside of the one hundred eighty day period, it is certainly better practice for such motions to be made as close to the occasion of the delay as possible in order to insure a clear record on the reasons for the delay.

Based upon the above analysis, we hold that the trial court erred in determining that the magistrate court had no jurisdiction to enter its two orders tolling the one hundred eighty day period during the pendency of Greger's preliminary hearing. The delay in holding the preliminary hearing amounted to a total of forty nine days. Greger was scheduled to be brought to trial two hundred twenty five days after his first appearance on the complaint. Subtracting the forty nine day delay in holding his preliminary hearing from this two hundred twenty five day period leaves a result of one hundred seventy six days. Thus, had this matter proceeded to trial without the motions on the one hundred eighty day rule, Greger would have gone to trial one hundred seventy six days after his first appearance before a judicial officer, four days *within* the one hundred eighty day limit. The trial would have been timely.

Reversed and remanded for trial.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.